AARON D. FORD
  Attorney General
GREGORY D. OTT (Bar No. 10950)
  Chief Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1100 telephone
(775) 684-1108 fax
gott@ag.nv.gov

RYAN W. HERRICK (Bar No. 7380)
  General Counsel
State Public Charter School Authority
1749 N. Stewart Street, Ste. 40
Carson City, Nevada 89706
(775) 687-9159 telephone
(775) 687-9113 fax
rherrick@spcsa.nv.gov

*Attorneys for the State of Nevada ex rel.
the State Public Charter School Authority*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIELLE CLARK, individually and as a parent and guardian of William Clark, and WILLIAM CLARK, individually,<br><br>Plaintiffs,<br>v.<br><br>STATE PUBLIC CHARTER SCHOOL AUTHORITY, DEMOCRACY PREP PUBLIC SCHOOLS, DEMOCRACY PREP PUBLIC SCHOOLS, INC., DEMOCRACY PREP at the AGASSI CAMPUS, DEMOCRACY PREP NEVADA LLC, SCHOOL BOARD of Democracy Prep at the Agassi Campus, NATASHA TRIVERS individually and in her official capacity as Superintendent and CEO, ADAM JOHNSON, individually and in his official capacity as Executive Director and Principal, KATHRYN BASS individually and in her capacity as Teacher, JOSEPH MORGAN, individually and in his official capacity as Board Chair, KIMBERLY WALL individually and in her capacity as assistant superintendent, and John & Jane Does 1-20,<br><br>Defendants. | Case No. 2:20-cv-02324-RFB-VCF<br><br>**DEFENDANT STATE OF NEVADA EX REL. STATE PUBLIC CHARTER SCHOOL AUTHORITY'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

1

In their Motion, Plaintiffs Gabrielle and William Clark seek injunctive relief ordering the State Public Charter School Authority (the "SPCSA")[1] – a public charter school authorizer and sponsor – and Democracy Prep at the Agassi Campus ("DPAC") – the public charter school that is sponsored by the SPCSA and that William is currently attending – and numerous DPAC-related entities and individuals, to remove or "expunge" a grade William received in a class he attended at DPAC.

In the short lifespan of this litigation, Plaintiffs have failed to comply with this Court's local rules regarding emergency motions, delayed in filing their Motion and serving the SPCSA, failed to properly name the SPCSA and the State of Nevada as a defendant, failed to name a "state actor" in regard to the SPCSA and Plaintiffs' § 1983 claims, and brought this action in the name of a Plaintiff that does not have standing.

Setting aside these procedural and substantive defects, in regard to the SPCSA Plaintiffs' Motion seeks relief that the SPCSA is wholly unable to provide, and Plaintiffs have entirely failed to meet their burden in order to be granted injunctive relief.

As a result, Plaintiffs' Motion should be denied.[2]

## I. Background and Procedural History

On December 22, 2020, Plaintiffs filed their Complaint in this matter. In their Complaint, Plaintiffs alleged four § 1983 claims, a cause of action based on 42 USC § 2000, a Title IX claim, and a state law breach of contract claim. In addition to the injunctive relief that Plaintiffs seek as part of their Motion, Plaintiffs ask in their Complaint for a declaratory judgment, compensatory and punitive damages, and attorneys' fees and costs.

---

[1] Plaintiffs state in their Complaint that the SPCSA "characterizes itself as a 'local education agency.'" See Complaint, at 5. As a public charter school authorizer and sponsor – including the sponsor of DPAC – the SPCSA is, in fact, a local education agency, or LEA. See NRS 388A.159(1) ("The State Public Charter School Authority is hereby deemed a local educational agency for all purposes …."). LEA is a federal designation typically given to school districts, public charter school sponsors and authorizers, and, in some cases, individual public charter schools. See 20 USC § 7801(30)(A) ("The term "local educational agency" means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or of or for a combination of school districts or counties that is recognized in a State as an administrative agency for its public elementary schools or secondary schools."); NRS 388A.159; Charter School Contract, at Sec. 1.4.5

[2] By filing this Opposition, the State of Nevada and the SPCSA do not waive any immunity conferred by the 11th Amendment of the Unites States Constitution, or any other defense to the underlying action that may be available in law or equity.

On January 15, 2021 – over three weeks after initially filing their Complaint – Plaintiffs filed their "Emergency Motion for Preliminary Injunction and Application for Temporary Restraining Order" (the "Motion"). In their Motion Plaintiffs seek to have William Clark's grade "removed" or "expunge[d]." See Motion, at 2, 15 ("William requests injunctive relief ordering Defendants to expunge the grade they conferred upon him …."); (The injunction sought by complainant is narrow: William asks that a single grade be expunged, without any further delay."); 25 (same).

Only four days after Plaintiffs filed their Motion, on January 19, 2021, this Court *sua sponte* denied Plaintiffs' request to have their Motion heard on an emergency basis due to Plaintiffs' failure to comply with this Court's local rules. Following this Court's Order, on January 29, 2021, Plaintiffs and the DPAC defendants stipulated on a briefing schedule related to Plaintiffs' Motion.[3]

Finally, on February 3, 2021 – six weeks after Plaintiffs filed their Complaint and two and a half weeks after Plaintiffs filed their Motion – Plaintiffs served the SPCSA with copies of the Summons and Complaint.[4]

## II.     Legal Argument
### A. The SPCSA Cannot Provide Plaintiffs The Relief Requested In Their Motion

As a "Local Education Agency" and a public charter school authorizer, the SPCSA does not have the ability or power to change or "expunge" a student's grade. See NRS 388A.159(1) (designating the SPCSA as a "Local Education Agency."); NRS 388A.150(1)(a) (stating that the SPCSA is to "authorize" public charter schools throughout the State of Nevada). While the SPCSA does have certain oversight responsibilities in regard to the public charter schools that it authorizes – including DPAC – decisions related to curriculum are left wholly up to the individual charter schools. See NRS 388A.150(1)(b) (stating that the SPCSA is to "…. [p]rovide oversight to the charter schools that it sponsors to ensure that those charter schools maintain high educational and operational standards, preserve autonomy and safeguard the interests of pupils and the community."); NRS 388A.366(1)(i) (stating that public charter schools must "… [p]rovide instruction in the core academic subjects set forth

---

[3] While the SPCSA was not a party to this Stipulation, the SPCSA is filing this brief in order to ensure that this Court is aware of the SPCSA's position regarding Plaintiffs' Motion.

[4] The Plaintiffs served the Attorney General's office on January 22, 2021. See NRS 41.031(a) and (b) (requiring both the Attorney General and the head of the state agency to be served in any action naming the State of Nevada). Notably, neither the SPCSA nor the Attorney General has been served with a copy of Plaintiffs' Motion.

in subsection 1 of NRS 389.018, as applicable for the grade levels of pupils who are enrolled in the charter school, and provide at least the courses of study that are required of pupils by statute or regulation for promotion to the next grade or graduation from a public high school and require the pupils who are enrolled in the charter school to take those courses of study.");[5] see also NRS 388A.246(8) and (9) (academic program and instruction).

However, in their Motion, Plaintiffs seek to have William Clark's grade "removed" or "expunge[d]." See Motion, at 2, 15 ("William requests injunctive relief ordering Defendants to expunge the grade they conferred upon him …."); (The injunction sought by complainant is narrow: William asks that a single grade be expunged, without any further delay."); 25 (same). This is simply not something that the SPCSA has the ability or power to do, and as such, Plaintiffs' Motion should be denied on this ground alone as to the SPCSA.

**B. The Plaintiffs Have Not Met Their Burden For Injunctive Relief**

In order to obtain injunctive relief, a plaintiff must satisfy a four part test: That the plaintiff is "likely to succeed on the merits, that plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in plaintiff's favor, and that an injunction is in the public interest. See South Bay United Pentecostal Church, 2021 WL 222814, at *7. Again, it is worth restating that the relief that Plaintiffs are seeking in their Motion: Plaintiffs seek to have William's grade removed or "expunged." Without delving into each and every element required to obtain injunctive relief, it is clear that Plaintiffs have not satisfied their burden on any of the four above-referenced elements. Particularly as to the SPCSA, Plaintiffs have failed to name a single SPCSA "state actor" in regard to Plaintiffs § 1983 claims. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991) (to state a claim under § 1983, a plaintiff must allege four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."). And in regard to Plaintiffs' state law breach of contract claim, Plaintiffs have not alleged the existence of any contract between Plaintiffs and the SPCSA. See Complaint, at 36-37 (pointing to the

---

[5] Note that NRS 388A.366(1)(i) allows for a public charter school to require students to enroll in classes or courses that are not otherwise required by statute or regulation, and NRS 388A.490(1) allows a public charter school such as DPAC to require high school students to meet requirements for graduation that exceed that of the local school district.

4

school's handbook, which according to Plaintiffs is a contract between the school and Plaintiffs). As is evident, Plaintiffs have failed to meet their burden in regard to Plaintiffs' request for injunctive relief, and as a result Plaintiffs' Motion should be denied.

### C. Plaintiffs' Complaint And Motion is Procedurally Defective

Even setting aside that the SPCSA cannot provide Plaintiffs with the relief that they have requested in their Motion, and that Plaintiffs have wholly failed to meet their burden in order to be afforded injunctive relief, Plaintiffs' Complaint and Motion contains numerous procedural defects rendering injunctive relief inappropriate.

First, as an executive-branch state agency and as a political subdivision of the State of Nevada, Plaintiffs have failed to properly name the State of Nevada as a defendant in this action. See NRS 388A.150 (creating the SPCSA); NRS 388A.190 (Executive Director of the SPCSA is appointed by the Governor); NRS 41.031(2) ("In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit."). and as stated above, Plaintiffs have failed to name anyone from the SPCSA as a "state actor" in regard to any of Plaintiffs' § 1983 claims.

Second, since Plaintiff William Clark is not a minor child, Plaintiff Gabrielle Clark has no standing to bring this lawsuit. See NRS 12.080 (parent may sue for injury to "minor" child); NRS 129.010 (age of majority in Nevada is 18); Declaration of William Clark, filed in support of Plaintiffs' Motion, at 2 (stating that William Clark is 18 years of age).

For these reasons, as well as the reasons stated above, Plaintiffs' Motion seeking injunctive relief should be denied.

### III.   Conclusion

Based on the foregoing, Plaintiffs' Motion seeking injunctive relief should be denied.

DATED this 8th day of February, 2021.

By:    */s/ Ryan W. Herrick*
      RYAN W. HERRICK (Bar No. 7380)
       General Counsel
      GREGORY D. OTT (Bar No. 10950)
       Chief Deputy Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February 2021, a true and correct copy of the foregoing **DEFENDANT STATE OF NEVADA EX REL. STATE PUBLIC CHARTER SCHOOL AUTHORITY'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER** was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

   */s/ Jennifer J. King*
An employee of the State Public Charter School Authority, State of Nevada