MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Tel:    (702) 792-3773
Fax:   (702) 792-9002
Email: ferrariom@gtlaw.com
           hendricksk@gtlaw.com

DEBO P. ADEGBILE, ESQ.
(*Admitted Pro Hac Vice*)
CHRISTOPHER SCOTT MCABEE, ESQ.
(*Admitted Pro Hac Vice*)
ALAN E. SCHOENFELD, ESQ.
(*Admitted Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel:    (212) 295-6717
Fax:   (212) 230-8888
Email: debo.adegbile@wilmerhale.com
           Scott.McAbee@wilmerhale.com

*Attorneys for Defendants Democracy Prep Public Schools, Democracy Prep Public Schools, Inc., Democracy Prep at the Agassi Campus, Democracy Prep Nevada LLC, School Board of Democracy Prep at the Agassi Campus, Natasha Trivers, Adam Johnson, Kathryn Bass, Joseph Morgan, PhD, and Kimberly Wall*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIELLE CLARK, individually and as parent and guardian of WILLIAM CLARK, and WILLIAM CLARK, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE PUBLIC CHARTER SCHOOL AUTHORITY, DEMOCRACY PREP PUBLIC SCHOOLS, DEMOCRACY PREP PUBLIC SCHOOLS, INC., DEMOCRACY PREP at the AGASSI CAMPUS, DEMOCRACY PREP NEVADA LLC, SCHOOL BOARD of Democracy Prep at the Agassi Campus, NATASHA TRIVERS, | CASE NO.: 2:20-cv-02324-APG-VCF<br><br>**NOTICE OF INTERVENING DEVELOPMENT REGARDING PRELIMINARY INJUNCTION HEARING AND REQUEST FOR HEARING** |

1

individually and in her official capacity as Superintendent and CEO, ADAM JOHNSON, individually and in his official capacity as Executive Director and Principal, KATHRYN BASS, individually and in her capacity as Teacher, JOSEPH MORGAN, individually and in his official capacity as Board Chair, KIMBERLY WALL, individually and in her capacity as assistant superintendent, and John & Jane Does 1-20,

Defendants.

Defendants Democracy Prep Public Schools, Democracy Prep Public Schools, Inc., Democracy Prep at the Agassi Campus, Democracy Prep Nevada LLC, School Board of Democracy Prep at the Agassi Campus, Natasha Trivers, Adam Johnson, Kathryn Bass, Joseph Morgan, PhD, and Kimberly Wall (the "Defendants"), by and through their counsel, GREENBERG TRAURIG, LLP, and WILMER CUTLER PICKERING HALE AND DORR LLP, hereby submit their Notice of Intervening Development Regarding Preliminary Injunction Hearing and Request for Hearing.

1. Plaintiffs William and Gabrielle Clark have moved for a preliminary injunction, seeking "an emergency preliminary order directing Defendants" to "expunge [William's] failing first Trimester 'Sociology of Change' grade," "accommodate William Clark by permitting him to enroll in another class or project," require that "Principal Johnson … personally deliver to Plaintiffs the report card, corrected and scrubbed of stigma," enjoin and restrain Defendants and their affiliates and agents from conducting "graded identity confession and labeling exercises," and declare that such exercises are unlawful. [ECF No. 19 at 25] A hearing on Plaintiffs' application is scheduled before this Court on April 14, 2021, at 9:00 a.m. by videoconference. [ECF No. 71]

2. Defendants write to notify the Court that they have provided Plaintiff William Clark with the preliminary injunctive relief he seeks. Specifically, Defendants have expunged William Clark's first and second trimester Sociology of Change grades and updated his transcript to reflect the same. *See* **Exhibit A** (Johnson Ltr.) ███████████████████████████████████████

███████████████████████████████████████████████████████████████ Defendants have also excused William from completing the Sociology of Change course as a graduation requirement, such that he will remain on track

to graduate in May 2021 with the rest of his senior cohorts, so long as he otherwise remains in good academic standing and fulfills all other graduation requirements. *Id.* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3. Although Defendants believe that Sociology of Change is an important and valuable part of the Democracy Prep curriculum, and maintain that Clark would benefit from the course, Defendants must balance its curricular interests against other important factors—namely the ability of Democracy Prep personnel to focus on the education of Democracy Prep's 7400 other scholars. As a result, Defendants have decided to make this extraordinary accommodation to Clark so that their school personnel can remain focused on the school's important educational mission.[1]

4. Defendants respectfully submit that their actions obviate the need for the preliminary injunctive hearing scheduled for April 14, 2021, because Clark can no longer make the required showing of irreparable harm. As the Ninth Circuit has explained in similar circumstances, in evaluating a preliminary injunction the Court must "consider cessation of the alleged misconduct in determining whether the plaintiff has carried his burden of demonstrating a likelihood of irreparable harm." *Lofton v. Verizon Wireless (VAW) LLC*, 586 Fed. Appx. 420, 421-22 (9th Cir. 2014) *SV3, LLC v. GG Distrib., Inc.*, 2019 WL 1090772, at *3 (C.D. Cal. Feb. 6, 2019) ("The Ninth Circuit considers cessation of alleged misconduct to be a relevant factor in determining whether the plaintiff has carried its burden of demonstrating a likelihood of irreparable harm."); *Cottonwood Envtl. L. Ctr. v. U.S. Sheep Experiment Station*, 2014 WL 12900653, at *1 (D. Mont. July 9, 2014) ("Defendants' [accommodation] vitiates any argument as to irreparable and immediate harm, and along with it, any justification for a preliminary injunction.").

5. As explained in Defendants' opposition briefing, Plaintiffs cannot demonstrate preliminary relief is necessary because, among other things, there is no irreparable harm. *See supra* ¶ 1; ECF No. 44 at 30-31. Though it was true at the time Defendants filed the opposition brief, there can be no colorable

---

[1] Since the initial hearing on Plaintiffs' application, Defendants have attempted in good faith to settle this matter, including through settlement conferences held before Magistrate Judge Koppe on March 3, 2021, March 8, 2021, March 12, 2021, and March 17, 2021. ECF Nos. 64, 69, 72, 76. The parties have been unable to settle, and Judge Koppe ordered that "[t]his case shall return to its normal litigation track." ECF No. 76. To date, the parties have not reached settlement.

3

1  argument about irreparable harm given the concession outlined above.  Clark sought injunctive relief
2  primarily to "expunge his failing first Trimester 'Sociology of Change' grade," receive accommodations
3  that "permit him to enroll in another class or project" to fulfill his graduation requirements, and require
4  that Principal Johnson personally deliver the corrected report card.  ECF No. 19 at 25.  Defendants have
5  provided Clark with all three accommodations, *see* Ex. A, undercutting any purportedly imminent harm
6  that justifies preliminary court intervention.  Where, as here, the Defendant's voluntary provision of the
7  relief sought vitiates any showing of irreparable harm, the Court should deny the motion for a preliminary
8  injunction.  *Cottonwood Envtl. L. Ctr.*, 2014 WL 12900653, at *2 (vacating preliminary injunction hearing
9  and denying motion for preliminary injunction without prejudice based on defendants' accommodation);
10 *see also Lofton*, 586 F. App'x 422 (affirming denial of preliminary injunction where defendant had revised
11 its offending policy and practice, and thus plaintiff could no longer "carry his burden of demonstrating a
12 likelihood of irreparable harm").
13         6.      None of Clark's other requests requires a different result.  His requests that the Court enjoin
14 and restrain Defendants from conducting "graded identity confession and labeling exercises" and to further
15 declare that such exercises are unlawful, ECF No. 19 at 25—are inappropriate for preliminary injunctive
16 relief.  First, there is no risk of Clark facing "confession and labeling exercises" in the future.  Clark has
17 been excused from the Sociology of Change coursework and requirements, the only class that he has ever
18 claimed includes identity labeling assignments.  Ex. A.  Second, the declaratory judgment Plaintiffs request
19 are not appropriate for a preliminary *injunction* hearing, which addresses only the injunctive relief
20 necessary to avoid imminent and irreparable harm.
21         In light of the foregoing, Defendants respectfully submit that there are no factual issues remaining
22 on the preliminary injunction that would require an evidentiary hearing.  As such, Defendants respectfully
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

request this Court take the currently-scheduled preliminary injunction hearing set for April 14, 2021 off calendar and deny Plaintiffs' motion for preliminary injunctive relief.

DATED this 9th day of April, 2021.

**GREENBERG TRAURIG, LLP**

　　/s/Kara B. Hendricks
MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

DEBO P. ADEGBILE, ESQ.
(*Admitted Pro Hac Vice*)
CHRISTOPHER SCOTT MCABEE, ESQ.
(*Admitted Pro Hac Vice*)
ALAN E. SCHOENFELD, ESQ.
(*Admitted Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007

*Attorneys for Defendants Democracy Prep Public Schools, Democracy Prep Public Schools, Inc., Democracy Prep at the Agassi Campus, Democracy Prep Nevada LLC, School Board of Democracy Prep at the Agassi Campus, Natasha Trivers, Adam Johnson, Kathryn Bass, Joseph Morgan, PhD, and Kimberly Wall*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2021, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                    */s/ Andrea Flintz*
                    an employee of Greenberg Traurig, LLP