AARON D. FORD
  Attorney General
GREGORY D. OTT (Bar No. 10950)
  Chief Deputy Attorney General
LAENA ST-JULES (Bar No. 15156)
  Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1100 telephone
(775) 684-1108 fax
gott@ag.nv.gov
lstjules@ag.nv.gov

RYAN W. HERRICK (Bar No. 7380)
  General Counsel
State Public Charter School Authority
1749 N. Stewart Street, Ste. 40
Carson City, Nevada 89706
(775) 687-9159 telephone
(775) 687-9113 fax
rherrick@spcsa.nv.gov

*Attorneys for the SPCSA Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIELLE CLARK; and WILLIAM CLARK,<br><br>                Plaintiffs,<br><br>    v.<br><br>DEMOCRACY PREP PUBLIC SCHOOLS, Inc.; and DEMOCRACY PREP NEVADA LLC; and DEMOCRACY PREP AGASSI CAMPUS; and NATASHA TRIVERS, in her capacity as CEO of Democracy Prep Public Schools, Inc.; and KIMBERLY WALL, in her capacity as assistant superintendent of Democracy Prep Public Schools, Inc.; and ADAM JOHNSON, in his capacity as executive director of Democracy Prep Agassi Campus; and KATHRYN BASS, in her capacity as a teacher at Democracy Prep Agassi Campus; and JOSEPH MORGAN, in his capacity as president of Democracy Prep Agassi Campus; and REBECCA FEINEN, in her capacity as the Executive Director of the State Public Charter School Authority; and MELISSA MACKEDON (chair), RANDY KIRNER (vice chair), SHELIA MOULTON, SAMI RANDOLPH, MALLORY CYR, TONIA HOLMES-SUTTON, DON | Case No. 2:20-cv-02324-APG-VCF<br><br>**SPCSA DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

SOIFER, TAMIKA SHAUNTEE ROSALES, LEE FARRIS, in their capacities as members of the State Public Charter School Authority,

Defendants.

Rebecca Feiden, Melissa Mackedon, Randy Kirner, Sheila Moulton, Sami Randolph, Mallory Cyr, Tonia Holmes-Sutton, Don Soifer, Tamika Shauntee Rosales, and Lee Farris (collectively "SPCSA Defendants") move to dismiss Plaintiffs Gabrielle Clark and William Clark's ("Plaintiffs") First Amended Complaint for Declaratory and Injunctive Relief (the "FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim and pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The SPCSA Defendants further join in Argument Sections I, II(A), II(B), II(C), II(F), and III(A) of the DPAC Defendants' Motion to Dismiss filed on June 3, 2021.

**I.      INTRODUCTION**

Plaintiffs' FAC asserts 12 causes of actions aimed largely at the entities and individuals affiliated with Democracy Prep at the Agassi Campus ("DPAC" and together with affiliated defendant entities and individuals, "DPAC Defendants"), the Nevada charter school that Plaintiff William Clark currently attends.[1] The FAC also names the SPCSA Defendants in their capacities as members of the board of the State Public Charter School Authority ("SPCSA"), or in the case of Rebecca Feiden, as Executive Director of the SPCSA. The SPCSA is the Nevada authority responsible for, among other things, authorizing public charter schools in the state. All of the SPCSA Defendants are named in their official capacities, and the FAC contains no allegation that any of them acted outside of their official duties or exceeded their authority in any way.

Plaintiffs' grievances stem from a course Mr. Clark took while at DPAC. The SPCSA Defendants had no role in establishing or administering the course. In fact, the FAC contains scant reference to the SPCSA Defendants, and what little is included in the FAC falls well below the threshold for stating a claim. Beyond Plaintiffs' general inability to state a single claim against the SPCSA Defendants, Plaintiffs' claims are also deficient because they are not justiciable and seek remedies that are unavailable

---

[1] DPAC's graduation ceremonies are scheduled for Thursday June 10, so Mr. Clark is likely to have graduated by the time Plaintiffs file their response to this motion.

to Plaintiffs. As set forth below and in the DPAC Defendants' Motion to Dismiss, in which the SPCSA Defendants joins in part, all claims against the SPCSA Defendants should be dismissed.

## II. BACKGROUND

Mr. Clark is a senior at DPAC. FAC ¶ 10. His mother is Plaintiff Gabrielle Clark. *Id.* ¶ 11. As a student at DPAC, Mr. Clark allegedly was required to take a year-long course entitled "Sociology of Change." *Id.* ¶ 57. Plaintiffs took issue with the subject matter of and assignments for the course. *See generally id.* ¶¶ 58-75. While Mr. Clark initially received a grade for the course that he was dissatisfied with and which caused concerns for his graduation prospects, Mr. Clark was eventually excused from completing the course as a graduation requirement, and his grades for the course were expunged. *See id.* ¶¶ 81, 85; ECF No. 98 ¶ 1.[2]

The FAC contains no allegation of any action by or conduct of the SPCSA Defendants. Notwithstanding this dearth of relevant allegations, Plaintiffs appear to assert 11 claims against the SPCSA Defendants.[3] Claims One through Five and Eleven are brought under 42 U.S.C. § 1983 based on alleged violations of the First Amendment, the Establishment Clause, the Equal Protection Clause, and the Fourteenth Amendment. Claim Six alleges a violation of Title VI. Claim Seven alleges a violation of Title IX. Claim Eight alleges a violation of the Protection of Pupil Rights Amendment. And finally, Claims Nine and Ten are state law claims for breach of contract.

## III. LEGAL STANDARDS

### A. Failure to State a Claim

Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must

---

[2] As noted below, the Court may consider materials outside of the FAC for purposes of analyzing subject matter jurisdiction without converting a motion to dismiss to a summary judgment motion. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[3] Plaintiffs' FAC is imprecise in its identification of parties against whom claims are asserted. For example, in Claim Nine, Plaintiffs allege a violation of a supposed contract between DPAC students and families. FAC ¶ 153. Although the Claim contains not a single reference to the SPCSA Defendants, or even to the SPCSA, Plaintiffs claim injury based on "Defendants' breach of contract," which presumably would include the SPCSA Defendants. *Id.* ¶¶ 152-56.

be enough to raise a right to relief above the speculative level" and "nudge[] [plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Courts will "discount[] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009) (citation omitted).

**B.    Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction is "the court's statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3). "[T]he subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) (citation omitted).

A court must presume it lacks subject matter jurisdiction, absent an affirmative indication from the record. *See Renne v. Geary*, 501 U.S. 312, 315-16, 320 (1991). Even if a complaint contains an affirmative indication of subject matter jurisdiction, however, a defendant may challenge the facts alleged in support of jurisdiction, and a "district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage*, 343 F.3d at 1039 n.2).

**C.    Review of State Law Claims**

Under the *Erie* doctrine, federal courts should apply state law to those state law claims adjudicated in federal courts under the auspices of supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

/ / /

## IV.     ARGUMENT

### A.     Plaintiffs' Allegations Are Wholly Conclusory, Cannot Support a Cause of Action Against Any of the SPCSA Defendants, and Must be Dismissed

Plaintiffs' FAC is entirely devoid of factual allegations against Executive Director Feiden, Chair Mackedon or any of the other SPCSA Defendants such that it falls well below the requirements to survive a motion to dismiss. The FAC is focused almost exclusively on the conduct of entities and individuals related to DPAC. Plaintiffs' focus is so extreme that Executive Director Feiden is mentioned exactly twice, only in paragraphs 20 and 27, which identify her as the Executive Director of the SPCSA and allege that she runs the day-to-day operations of the SPCSA, oversees the agency, and acts as executive secretary to the board. Each of the other SPCSA Defendants appears only in paragraph 21, which alleges simply that they are members of the board of the SPCSA. Beyond those identification paragraphs, the individual members never appear in the FAC. There are no allegations that they take any action, review any policies, approve any curriculum, or have conversations with any parents, students or school officials. The SPCSA Defendants are simply absent from the FAC. Instead of alleging specific facts as required by *Iqbal*, Plaintiffs craft a single broad allegation against the SPCSA Defendants (a term they fail to define) and drop it into some (but not all) of the causes of action. The only allegation against the SPCSA Defendants with any passing relevance to the claims raised in the FAC is that the SPCSA Defendants failed to prevent the various harms from occurring. This allegation, as conclusory as it is, confirms that Plaintiffs' theory of the case is that wrongs were committed by persons other than the SPCSA Defendants.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). Plaintiffs' FAC completely lacks factual enhancements regarding any of the SPCSA Defendants. Without specific facts to show that any of the SPCSA Defendants engaged in affirmative misconduct, Plaintiffs instead assert overly broad allegations that the SPCSA Defendants did not do enough to prevent the alleged harms from occurring. However, the FAC lacks any detail to support these allegations: Plaintiffs do not specify what policies or procedures were absent or deficient, which of the SPCSA Defendants should have been aware of the alleged conduct, what power they were legally obligated to exercise to prevent it,

and how or why the SPCSA Defendants supposedly knew or ignored the alleged conduct. Instead, the FAC merely alleges a parade of supposedly bad conduct from the DPAC Defendants, and concludes that the SPCSA Defendants breached their duties by failing to review, visit, inspect and ensure compliance. While factual allegations in a complaint must be treated as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When the threadbare allegations of paragraphs 99, 110, 115, 122, 129, 136, and 144 are removed, the FAC simply identifies and alleges no wrongdoing against the SPCSA Defendants. This is wholly insufficient to defeat a motion to dismiss.

Thus, the lack of substantive factual allegations regarding any and all of the SPCSA Defendants requires dismissal of all causes of action as to them.

**B.    Plaintiffs Failed to Invoke a Waiver of the State of Nevada's Sovereign Immunity as to their State Law Claims**

States are protected from suits brought by citizens in federal court by the Eleventh Amendment. *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). The State of Nevada has waived its sovereign immunity only under limited circumstances. *See* NRS 41.031; *see also* NRS 41.0337. In order to invoke a waiver of sovereign immunity in a civil action against the State of Nevada based upon state law, an "action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." NRS 41.031(2). Where a plaintiff sues a public officer for acts or omissions within the scope of a person's public duties or employment, or solely because of an alleged act or omission relating to the public officer's public duties or employment, NRS 41.0337(1) and 41.0337(2) require the plaintiff to comply with NRS 41.031 by naming the State of Nevada or appropriate political subdivision as a party defendant.

Failure to invoke a waiver of sovereign immunity deprives a court of subject matter jurisdiction. *Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 850 n.2 (9th Cir. 2012) (citing *Adam v. Norton*, 636 F.3d 1190, 1192 n. 2 (9th Cir. 2011) ("[S]overeign immunity is a limitation on the district court's subject matter jurisdiction.")); *see also Jiminez v. State*, 98 Nev. 204, 205, 644 P.2d 1023, 1024 (1982) (assuming that failure to correctly name the State of Nevada as a party defendant pursuant to NRS 41.031 deprived the trial court of subject matter jurisdiction). Rules 12(b)(1) and 12(h)(3) require this

Court to dismiss an action as a matter of law in the absence of subject-matter jurisdiction. Except in rare cases where the literal application of a statute would demonstrably contradict the legislative intent, a court must give clear, unambiguous statutory language its plain meaning. *Coronado-Durzao v. I.N.S.*, 123 F.3d 1322, 1324 (9th Cir. 1997) (citing *Almero v. I.N.S.*, 18 F.3d 757, 760 (9th Cir. 1994)); *see also Beazer Homes Nev., Inc. v. Eighth Jud. Dist. Ct.*, 120 Nev. 575, 578 n.4, 97 P.3d 1132, 1134 n.4 (2004) ("When a statute is clear, unambiguous, not in conflict with other statutes, and is constitutional, the judicial branch may not refuse to enforce the statute on public policy grounds".).

To invoke a waiver of the State of Nevada's sovereign immunity, NRS 41.031(2) unambiguously requires a plaintiff to name the State of Nevada on relation of the particular agency of the State as a defendant, and NRS 41.0337(1) requires a plaintiff suing a public employee or officer to comply with NRS 41.031. Plaintiffs' FAC asserts two causes of action against the SPCSA Defendants that expressly rely on Nevada state law (Claims Nine and Ten). *See* FAC ¶¶ 152-63, 168-73. To the extent these state law claims are brought against the SPCSA Defendants, Plaintiffs failed to name the State of Nevada on relation of (or "ex rel.") the SPCSA as a party defendant, instead naming only the SPCSA Executive Director and members of the SPCSA board by name in their official capacities. *See* FAC at 1. By failing to explicitly and unambiguously name the State of Nevada on relation of the SPCSA as a party defendant, Plaintiffs failed to invoke a waiver of the State of Nevada's sovereign immunity for these state law claims. NRS 41.031(2); NRS 41.0337(1); NRS 41.0337(2). Plaintiffs' failure to invoke a waiver of sovereign immunity deprives this Court of subject matter jurisdiction, which requires dismissal of the state law claims under Rules 12(b)(1) and 12(h)(3).

Further, Plaintiffs cannot cure this defect by amending their FAC. Plaintiffs' claims are brought under Nevada law, and per Nevada law, where statutes provide specific procedures for initiating a particular type of lawsuit, failure to adhere to those procedures renders a complaint *void ab initio*. *See Otak Nev., LLC v. Eighth Jud. Dist. Ct.*, 127 Nev. 593, 599, 260 P.3d 408, 411–12 (2011), *abrogated on other grounds by Reif by and through Reif v. Aries Consultants, Inc.*, 135 Nev. 389, 381, 449 P.3d 1253, 1255 (2019); *see also Nickelson v. United States*, 3:13-CV-00493-LRH, 2014 WL 1814281, at *1 (D. Nev. May 7, 2014) (citing *Washoe Med. Ctr. v. Second Jud. Dist. Ct.*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006)). Complaints that are *void ab initio* "may not be amended because they are void and do

7

not legally exist." *Otak Nev., LLC*, 127 Nev. at 411–12 (citing *Washoe Med. Ctr.*, 122 Nev. at 1300, 148 P.3d at 792). Because Plaintiffs failed to comply with the requirements of NRS 41.031(2) to invoke a waiver of the State of Nevada's sovereign immunity, their state law claims are *void ab initio* and cannot be amended. Dismissal of the state law claims without leave to amend is therefore required under Rules 12(b)(1) and 12(h)(3).

      **C.**    **Plaintiffs' Requests for Declaratory and Injunctive Relief and Plaintiffs' State Law Claims Are Not Justiciable**

Plaintiffs seek (1) a declaration regarding what classroom activity is permissible; and (2) a permanent injunction enjoining the SPCSA Defendants from reauthorizing DPAC's charter unless DPAC takes certain actions. FAC at 30-31. Plaintiffs also appear to allege two state law causes of action against the SPCSA Defendants (Claims Nine and Ten). *See id.* ¶¶ 152-63. The Court must dismiss Plaintiffs' requests for declaratory and injunctive relief as well as their state law claims for lack of subject matter jurisdiction.

      **1.**    **Mr. Clark's Graduation Moots Plaintiffs' Declaratory and Injunctive Relief Requests**

"Federal courts lack jurisdiction to consider moot claims." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009) (citation omitted). In this case, Plaintiffs declaratory and injunctive relief claims are moot, or will likely be moot by the time Plaintiffs file their response to this motion. "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (citation omitted).

The Ninth Circuit has consistently dismissed requests for injunctive and declaratory relief based on mootness where a student-plaintiff has already suffered an injury and the requested relief would not remedy the injury. *See, e.g.*, *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (en banc) (dismissing requests based on forced participation in graduation ceremony prayers where student had already graduated); *K. Y. through Yu v. Schmitt*, 799 F. App'x 485, 486-87 (9th Cir. 2020) (dismissing requests based on school election campaign rules where student could no longer run in a school election); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011) (dismissing

8

request based on statements made during a class where student had graduated); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098-99 (9th Cir. 2000) (dismissing request based on policy of not permitting sectarian, proselytizing speeches as part of graduation where students had already graduated).

These cases all demonstrate that "[a] student's graduation moots claims for declaratory and injunctive relief." *Doe*, 177 F.3d at 798; *see also Cole*, 228 F.3d at 1098 ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy."). This principle applies here. Plaintiffs have stipulated that Plaintiff "William Clark's first and second trimester Sociology of Change grades" have been expunged and that his transcript has been updated to reflect the same. ECF No. 98 ¶ 1. Moreover, Mr. Clark has been excused "from completing the Sociology of Change course as a graduation requirement, such that he will remain on track to graduate in May 2021." *Id.* Because Mr. Clark will likely have already graduated by the time Plaintiffs respond to this motion, the court "cannot remedy the student-plaintiff's injury with injunctive or declaratory relief." *Doe*, 177 F.3d at 798. Neither a declaration of what conduct is permissible in a classroom, nor an injunction to prevent the SPCSA Defendants from reauthorizing the DPAC charter will remedy any alleged harm Plaintiffs suffered as Mr. Clark will no longer be a student at DPAC.

Notably, no exception to the mootness doctrine applies here. The "capable of repetition, yet evading review" exception does not apply because there is no "reasonable expectation that the same complaining party [will] be subject to the same action." *K.Y.* through *Yu*, 799 F. App'x at 487 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). As noted, Plaintiffs and the DPAC Defendants have stipulated that Mr. Clark will not be required to take the Sociology of Change class to graduate. ECF No. 98 ¶ 1. Nor is this a case where "the duration of the challenged action is too short to be fully litigated before it ceases." *Doe*, 177 F.3d at 798 (citation omitted). In *Doe*, the Ninth Circuit, sitting en banc, held that a graduation prayer case could be fully challenged. *Id.* There would therefore also be sufficient time to challenge the contents of a year-long course prior to graduation.

The "voluntary cessation" exception to mootness also does not apply here because no defendant, including the SPCSA Defendants, is alleged to have stopped any policy. *See id.* at 799 ("Defendants have not stopped using the graduation policy and, therefore, this mootness exception does not apply.").

And finally, Plaintiffs have not alleged that they would suffer any collateral legal consequences if the challenged actions were left standing. *See id.*

Because Plaintiffs' injunctive and declaratory relief requests will likely be moot by the time of the filing of any response to this motion, the Court likely will not have subject matter jurisdiction by the time this motion is fully briefed.

### 2. Plaintiffs Lack Standing to Seek Declaratory and Injunctive Relief and to Assert their State Law Claims

Federal courts lack jurisdiction to consider claims where a plaintiff lacks standing. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (citations omitted). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). To establish the irreducible constitutional minimum of standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiffs' declaratory and injunctive relief requests fail on the third element of standing. And Plaintiffs' state law claims fail on the second element.

#### a. Plaintiffs Lack Standing to Seek Declaratory and Injunctive Relief Because their Requested Relief Will Not Redress any Alleged Injury

Even if Plaintiffs' requests for declaratory and injunctive relief are not mooted by Mr. Clark's graduation, Plaintiffs would still lack standing to pursue those remedies. To establish redressability, Plaintiffs would need to show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted). Where a plaintiff seeks declaratory and injunctive relief, the plaintiff must "show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury." *San Diego Cty. Gun Rights Comm.*, 98 F.3d 1121, 1126 (9th Cir. 1996) (citation omitted). Here, Plaintiffs cannot show that their requested relief would redress any alleged injury they have suffered or are suffering.

With respect to Plaintiffs' request that the SPCSA Defendants be enjoined from reauthorizing DPAC's charter, Plaintiffs lack standing because they have not alleged any present or future illegal

conduct. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) (where injury is based on "[p]ast exposure to illegal conduct," and "not a continuing violation or the likelihood of a future violation, injunctive relief will not redress [a plaintiff's] injury"). Second, DPAC's charter is not due to be renewed until 2026. *See* Charter School Contract, ECF No. 1-3 at § 1.3.2. Plaintiffs do not explain how an action five years in the future could provide them any remedy. Third, and more fundamentally, Plaintiffs do not explain how this relief would be likely to remedy their supposed injuries: the only effect of not renewing the charter would be the closure of DPAC, but Mr. Clark will no longer be a high school student in 2026 so the possible renewal of DPAC will have no effect on him.

With respect to Plaintiffs' declaratory relief request, Plaintiffs again fail to show how the relief would redress any present or future alleged injuries. Because Plaintiffs' grievances relate only to the Sociology of Change class, and Plaintiffs have stipulated that Mr. Clark will not be required to take the Sociology of Change class to graduate, the requested declaration would redress no purported injury of Plaintiffs. ECF No. 98 ¶ 1*; see also Hisenrath on behalf of C.H. v. Sch. Dist. of Chathams*, Civ. No. 18-000966(KM) (MAH), --- F. Supp. 3d ---, 2020 WL 6621954, at *7 (D.N.J. Nov. 12, 2020) ("[P]laintiffs lack standing to seek a declaration that past conduct was illegal when there is no prospect that such a declaration can be used to redress a current or future injury.").

      **b.**      **Plaintiffs Lack Standing to Assert their State Law Claims Because They Fail to Allege any Injury Traceable to the SPCSA Defendants' Conduct**

In connection with Plaintiffs' state law causes of action, Plaintiffs have failed to allege "a causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560. In Claim Nine, Plaintiffs assert that DPAC breached the terms of the "Scholar & Family Handbook," which is "a contract between DPAC and its students and families." FAC ¶ 153. Plaintiffs then claim that they "have been injured by *Defendants'* breach of contract," presumably including the SPCSA Defendants in the claim. *Id.* ¶ 156 (emphasis added). But Plaintiffs do not claim that the SPCSA Defendants are a party to the Scholar & Family Handbook. Nor do they allege facts establishing how the SPCSA Defendants violated the terms of the supposed contract to which they are not parties. In Claim Ten, Plaintiffs at least base their breach of contract claim on a contract to which the SPCSA, but not the individual SPCSA Defendants, is a party (the charter contract between the SPCSA and DPAC). *See* FAC ¶¶ 158, 163.

However, Plaintiffs again fail to allege that the SPCSA Defendants (or the SPCSA for that matter) breached any terms of the agreement.

On these facts, where the SPCSA Defendants are not alleged to have breached any contract, Plaintiffs have failed to establish that any injury that they allegedly suffered is fairly traceable to any conduct of the SPCSA Defendants. As a result, Plaintiffs' state law claims against the SPCSA Defendants must be dismissed for lack of subject matter jurisdiction.

**D.  The SPCSA Defendants Are Immune from Damages for Plaintiffs' Section 1983 Claims**

Plaintiffs assert at least five claims (Claims One through Five, and possibly Claim Eleven) against the SPCSA Defendants pursuant to 42 U.S.C. § 1983. FAC ¶¶ 92-130, 164-67. Plaintiffs specifically name the SPCSA Defendants only in their official capacities. *Id.* ¶¶ 20-21. But the Eleventh Amendment to the U.S. Constitution forecloses Plaintiffs' money damages claims against the SPCSA Defendants in their official capacities.

Section 1983 authorizes lawsuits "to redress deprivations of civil rights by persons acting 'under color of any [state] statute, ordinance, regulation, custom, or usage.'" *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (quoting 42 U.S.C. § 1983). The Eleventh Amendment, however, "bars suits in federal court 'by private parties seeking to impose a liability which must be paid from public funds in the state treasury . . . .'" *Id.* at 30 (citation omitted). And "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of [a § 1983] suit because they assume the identity of the government that employs them." *Id.* at 27; *see also Cole*, 228 F.3d at 1100 n.4 (finding that the district court "correctly concluded it did not have jurisdiction over the appellants' damage claims against the District and District officials in their official capacities, because California school districts are state agencies and thus immune from damages suits under the Eleventh Amendment"). Accordingly, the Court should dismiss Plaintiffs' § 1983 claims against the SPCSA Defendants for money damages.

**E.  Plaintiffs Fail to Allege Facts Sufficient to Sustain a Breach of Contract Claim**

Plaintiffs allege two breach of contract claims. Claim Nine alleges a breach of the DPAC "Scholar & Family Handbook" which, according to paragraph 153 is a contract between DPAC and its students and families. Claim Ten alleges that DPAC breached the charter contract between the SPCSA

12

and DPAC and that Plaintiffs are third-party beneficiaries to that contract. Plaintiffs fail to sufficiently allege a breach against the SPCSA Defendants on both counts because no SPCSA Defendant is a party to either alleged contract.

### 1. None of the Named SPCSA Defendants Are Parties to or Bound by DPAC's Handbook

Plaintiffs allege that DPAC and its students and families are the parties to the contract created by the handbook. Accepting for the purposes of argument that the handbook creates any binding contract, it certainly did nothing to personally bind the SPCSA's Executive Director and board members. Plaintiffs fail to allege any link between the SPCSA Defendants and the student handbook.

"As a general rule, [an action] for breach of contract may not be maintained against a person who is not a party to the contract." *Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex. App.1982); *see also Wallace ex rel. Cencom Cable Income Partners II, L.P. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999). Here Plaintiffs' failure to demonstrate any of the SPCSA Defendants are parties to the alleged handbook contract must result in a dismissal of this claim against each of the SPCSA Defendants.

### 2. Neither the Named SPCSA Defendants nor Plaintiffs Are Parties to or Bound by the Charter Contract

For the reasons previously stated regarding Claim Nine, Claim Ten fails as well. Plaintiffs allege the charter contract is a legally enforceable contract between the SPCSA and DPAC. However, they cannot and do not set forth a good faith allegation that any of the SPCSA Defendants are parties to the contract. As non-parties cannot be held liable for breach, Claim Ten must be dismissed against each of the SPCSA Defendants.

### 3. Plaintiffs' Allegations that DPAC Breached the Charter Contract Discharges the Duties of Other Parties

Assuming *arguendo* that the SPCSA Defendants were parties to the charter contract and that Plaintiffs were third-party beneficiaries, the breach of contract that Plaintiffs allege against DPAC eliminates the SPCSA's obligations to perform its duties under the contract.

/ / /

/ / /

"When parties exchange promises to perform, one party's material breach of its promise discharges the non-breaching party's duty to perform." *Cain v. Price*, 134 Nev. 193, 196 (2018) (citing Restatement (Second) of Contracts § 237 (Am. Law Inst. 1981)).

Here, Plaintiffs lay out only two promises that may have been violated in Claim Ten, both of which were made by DPAC. There is no allegation against any SPCSA Defendant. The only mention of the SPCSA is a general allegation that the SPCSA itself (and not any of the SPCSA Defendants) along with DPCA failed to "live up to the promises each made." Not only is such an allegation insufficient to make out a claim against the SPCSA Defendants, by alleging DPAC's breach, the Plaintiffs have further alleged that the SPCSA Defendants were relieved of any duty to perform. Whether the duty of performance was owed to the breaching party or a third party makes no difference. "If the non-breaching party's duty was to a third-party beneficiary, the same principle applies: the breaching party's "failure of performance" discharges the beneficiary's right to enforce the contract." *Id.*

Thus, Plaintiffs' allegation that DPAC breached the charter contract eliminates any obligation of the non-DPAC Defendants to perform.

### F. Plaintiffs' Claims Should Be Dismissed as Described in the DPAC Defendants' Motion to Dismiss

As the DPAC Defendants persuasively explain in their Motion to Dismiss, the following claims must be dismissed:

- All claims brought by Mrs. Clark. DPAC Defendants' Motion to Dismiss, Argument § I.
- Claim Three, based on the Establishment Clause. *Id.* § II(A).
- Claim Four, based on the Equal Protection Clause. *Id.* § II(B).
- Claim Five, based on the Due Process Clause. *Id.* § II(C).
- The injunctive and declaratory relief claims. *Id.* § II(F).
- Claims Six and Seven, based on Titles Six and Nine. *Id.* § III(A).

The SPCSA Defendants join in the above-referenced sections of the DPAC Defendants' Motion to Dismiss.

///

///

## V. CONCLUSION

For the foregoing reasons, and for the reasons stated in the DPAC Defendants' Motion to Dismiss, the Court should dismiss the FAC as against the SPCSA Defendants in its entirety.

DATED this 3rd day of June, 2021.

AARON D. FORD
Attorney General

By: /s/ *Laena St-Jules*
GREGORY D. OTT (Bar No. 10950)
  Chief Deputy Attorney General
LAENA ST-JULES (Bar No. 15156)
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701
gott@ag.nv.gov
lstjules@ag.nv.gov

STATE PUBLIC CHARTER SCHOOL AUTHORITY

RYAN W. HERRICK (Bar No. 7380)
  General Counsel
State Public Charter School Authority
1749 N. Stewart Street, Ste. 40
Carson City, Nevada 89706
rherrick@spcsa.nv.gov

*Attorneys for SPCSA Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on June 3rd, 2021, I filed the foregoing **SPCSA DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** by this Court's CM/ECF system. Parties will be notified by the Court's notification system.

<u>/s/ *Caitie Collins*</u>
Caitie Collins, An employee of the
Office of the Attorney General