AARON D. FORD
  Attorney General
GREGORY D. OTT (Bar No. 10950)
  Chief Deputy Attorney General
LAENA ST-JULES (Bar No. 15156)
  Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1100 telephone
(775) 684-1108 fax
gott@ag.nv.gov
lstjules@ag.nv.gov

RYAN W. HERRICK (Bar No. 7380)
  General Counsel
State Public Charter School Authority
1749 N. Stewart Street, Ste. 40
Carson City, Nevada 89706
(775) 687-9159 telephone
(775) 687-9113 fax
rherrick@spcsa.nv.gov

*Attorneys for the SPCSA Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIELLE CLARK; and WILLIAM CLARK, <br><br> Plaintiffs, <br><br> v. <br><br> DEMOCRACY PREP PUBLIC SCHOOLS, Inc.; and DEMOCRACY PREP NEVADA LLC; and DEMOCRACY PREP AGASSI CAMPUS; and NATASHA TRIVERS, in her capacity as CEO of Democracy Prep Public Schools, Inc.; and KIMBERLY WALL, in her capacity as assistant superintendent of Democracy Prep Public Schools, Inc.; and ADAM JOHNSON, in his capacity as executive director of Democracy Prep Agassi Campus; and KATHRYN BASS, in her capacity as a teacher at Democracy Prep Agassi Campus; and JOSEPH MORGAN, in his capacity as president of Democracy Prep Agassi Campus; and REBECCA FEINEN, in her capacity as the Executive Director of the State Public Charter School Authority; and MELISSA MACKEDON (chair), RANDY KIRNER (vice chair), SHELIA MOULTON, SAMI RANDOLPH, MALLORY | Case No. 2:20-cv-02324-APG-VCF <br><br><br> **DEFENDANT MELISSA MACKEDON'S MOTION TO DISMISS** |

CYR, TONIA HOLMES-SUTTON, DON SOIFER, TAMIKA SHAUNTEE ROSALES, LEE FARRIS, in their capacities as members of the State Public Charter School Authority,

Defendants.

Defendant Melissa Mackedon moves to dismiss Plaintiffs Gabrielle Clark and William Clark's ("Plaintiffs") First Amended Complaint for Declaratory and Injunctive Relief (the "FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5) for insufficient service of process.

## I. INTRODUCTION

Plaintiffs filed their original complaint in this action on December 22, 2020. ECF No. 1. On May 3, 2021, Plaintiffs filed their FAC, naming as a defendant for the first time Melissa Mackedon, chair of the State Public Charter School Authority ("SPCSA") board. *Compare* ECF No. 1 *with* ECF No. 106. Plaintiffs also added nine other defendants associated with the SPCSA: the Executive Director of the SPCSA and eight members of the SPCSA board (together with Chair Mackedon, the "SPCSA Defendants"). *Id.* Since May 3, 2021, 93 days have passed, and Plaintiffs have neither requested a waiver of service for, nor effected service on, Chair Mackedon. Plaintiffs have, however, requested and obtained a waiver of service for the other SPCSA Defendants. ECF No. 111.

Pursuant to Rule 12(b)(5), Chair Mackedon moves for dismissal of this action against her without prejudice for failure to serve process on her within 90 days of the filing of the FAC, as required by Rule 4(m). This motion to dismiss is joined with the motion to dismiss filed by Chair Mackedon and the other SPCSA Defendants on June 3, 2021. *See* ECF No. 115; Rule 12(g).

## II. ARGUMENT

Rule 4(m) requires that a defendant be served "within 90 days after the complaint is filed." Because Chair Mackedon was not named as a defendant in the original complaint, the 90-day-period runs from the filing of the FAC. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (Rule 4(m)'s time to serve is restarted by the filing of an amended complaint "as to those defendants newly added in the amended complaint" (citations omitted)). 93 days have now passed since Plaintiffs filed their FAC, and service has not been effected on Chair Mackedon.

Service of process is no mere formality or token act. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). While the Court must extend the time to serve process "for an appropriate period" upon good cause shown, Rule 4(m), Plaintiffs cannot establish good cause here. "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). It also "requires more than inadvertence or mistake of counsel." *Mitchell v. Cty. of Nye*, Case No. 2:15-cv-01714-APG-NJK, 2016 WL 6782740, at *2 (D. Nev. Nov. 14, 2016) (Gordon J.) (citing *Townsel v. Contra Costa Cty.*, 820 F.2d 319, 320 (9th Cir. 1987)). There is no explanation, other than inadvertence or mistake, for why Plaintiffs would have requested and obtained a waiver of service for the other newly added SPCSA Defendants, *see* ECF No. 111, but not Chair Mackedon.

The Court also has discretion to extend the time to serve, even in the absence of good cause. Rule 4(m). In determining whether to exercise that discretion, "a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted). Here, Plaintiffs would suffer no "severe harm by dismissal without prejudice," because, for example, there are no "statute of limitations that has expired." *Mitchell*, 2016 WL 6782740, at *3 (dismissing case without prejudice even where defendant had received actual notice and defendant had not identified any concrete prejudice). In light of Plaintiffs' lack of diligence in serving Chair Mackedon, the Court should dismiss this action against her without prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**III. CONCLUSION**

For the foregoing reasons, the Court should dismiss this action against Chair Mackedon without prejudice, pursuant to Rule 12(b)(5).

DATED this 4th day of August, 2021.

           AARON D. FORD
           Attorney General

    By:   /s/ *Laena St-Jules*
           GREGORY D. OTT (Bar No. 10950)
            Chief Deputy Attorney General
           LAENA ST-JULES (Bar No. 15156)
            Deputy Attorney General
           State of Nevada
           100 N. Carson Street
           Carson City, Nevada 89701
           gott@ag.nv.gov
           lstjules@ag.nv.gov

           STATE PUBLIC CHARTER SCHOOL AUTHORITY

           RYAN W. HERRICK (Bar No. 7380)
            General Counsel
           State Public Charter School Authority
           1749 N. Stewart Street, Ste. 40
           Carson City, Nevada 89706
           rherrick@spcsa.nv.gov

           *Attorneys for the SPCSA Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on August 4th, 2021, I filed the foregoing **DEFENDANT MELISSA MACKEDON'S MOTION TO DISMISS** by this Court's CM/ECF system.  Parties will be notified by the Court's notification system.

/s/ *Karen Easton*
Karen Easton, An employee of the
Office of the Attorney General